Graham, Judge,
delivered the opinion of the court:
This case is here on demurrer to the petition. The plain-tilf avers that on the 15th of August, 1918, it signed a contract for the delivery of 45,000 cubic yards of sand gravel .-.at Taylor Field, Montgomery, Ala., at $1.37% per cubic yard; that this contract when presented to it contained a “thirty-day notice termination clause”; that it at first refused to sign the contract on account of its containing this ■ clause, but afterwards executed it “ on being promised and .assured by the contracting officer that the contract would not be terminated or cancelled,” and that with this agree:ment and understanding it proceeded with the work. The • contract itself, as required by the rules, is not attached to ¿the petition. Plaintiff avers that the Government has the *116 original and plaintiff’s copy of the contract, and it appeared at the argument that on call upon the War Department neither could be found. The delivery of the material involved was, under the proposal and bid, to be made in five months, which period expired on the 14th of January, 1919.
Plaintiff proceeded to deliver the material in accordance-with the contract. On the 14th of January, 1919, it received a communication from a representative of the Government notifying it that—
“ * * * contract dated Aug. 15, 1913, * * * is hereby ierminated.
“ 2. It is requested that the thirty-day notice of Par. 10 of said contract, required to be given in case of cancellation of the contract, be waived and the contract be terminated as of' this date.”
On this notice a representative of the plaintiff indorsed the-following:
“ The foregoing cancellation is accepted and the thirty-day notice referred to is waived and the contract deemed cancelled as of this date.”
On the same date a representative of the Government wrote to the plaintiff, stating:
“ You are requested to continue to haul gravel upon the-Flying Field at Taylor Field, in the same quantities and at the same rates as you have been heretofore doing under the cancelled contract, which formerly existed, conveying and hauling said gravel until instructions are received to the-contrary.”
On the 6th of March, 1919, plaintiff received the following-notice from a representative of the Government:
“ Pursuant to telegram dated March 5, 1919, from the-Director of Military Aeronautics received this date, you will discontinue all further hauling of gravel onto Taylor Field.
“ This does not mean that you will not spread the gravel already hauled there.”
The plaintiff avers that at the time of the sending of this-last notice discontinuing the work it had delivered 19,000-cubic feet of gravel “ and was ready, willing, and anxious, to continue until it delivered the balance,” and that it vigorously protested against the termination of the contract. The-plaintiff was paid for the gravel delivered, at contract price.. *117 Plaintiff sues to recover as damages the sum of $11,706.24, ■being the difference apparently between its expenditures in •connection with preparing to deliver and delivering the material and a sum representing the cash paid to plaintiff by the Government and plaintiff’s salvage value of certain material remaining in its hands.
Plaintiff, according to the averments of the petition, executed a formal contract containing a thirty-day cancellation •clause. It was bound by the terms of that contract. It seeks to relieve itself of the binding effect of its provisions by an averment that the contracting officer assured it before it.signed the contract that the provision as to cancellation would not be enforced. It knew that the provision was in the contract and signed the contract with its eyes open, fully understanding its purport. It is not averred, and it does not .appear, that the contracting officer had authority to waive any provision of the contract or bind the Government to the nonenforcement of any portion of it; nor is there anything within the limit of the usual powers of a contracting officer which would even suggest such authority. It is the duty of all persons dealing with a representative of the Government to satisfy themselves of the authority of such representative to act in the premises. Baltimore & Ohio Railroad Co. v. United States, 261 U. S. 592, 596. If they go forward without attempting to satisfy themselves, they must pay the penalty of any loss which might result. Under the facts stated in the petition the Government had the right to cancel this contract upon giving thirty days’ notice.
On the day on which the time for performing the contract apparently expired, namely, the 14th of January, 1919, the Government notified plaintiff that the contract was terminated and requested that the provision as to the thirty-day notice, which the contract required should be given in case of cancellation, be waived and the contract terminated as of that date. Plaintiff accepted the cancellation and waived the thirty-day notice by the indorsement “ contract deemed canceled as of this date.” So that, if there were .any question as to the right of the Government to cancel, the *118 plaintiff waived it by consenting to the cancellation of the contract.
That the plaintiff has shown no right to recover under the circumstances of this case is too obvious to need further discussion. The demurrer should be sustained and the petition dismissed. It is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Ohief Justice, concur.